IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHERRIE HECKENDORN,

        Plaintiff,                Civil No. 04-818-HA

        v.                      OPINION
                              AND ORDER

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

        Defendant.

Martin R. Cohen
P.O. Box 1229
4040 Douglas Way
Lake Oswego, Oregon 97035

Jeffrey L. Olson
4500 Kruse Way, Suite 100
Lake Oswego, Oregon 97035
       Attorneys for Plaintiff

Karin J. Immergut
United States Attorney
Craig J. Casey
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

Terrye E. Shea
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900
Seattle, Washington 98104
	Attorneys for Defendant

HAGGERTY, Chief Judge:

Pursuant to § 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. §§ 405(g), 1383(c)(3), plaintiff seeks judicial review of the final administrative decision denying her applications for disability insurance benefits (DIB) under Title II and Supplemental Security Income (SSI) under Title XVI. For the reasons provided below, the court concludes that the Commissioner's decision is not supported by substantial evidence. The Commissioner's decision is reversed and this case is remanded for further proceedings.

## ADMINISTRATIVE HISTORY

On May 14, 2001, and July 26, 2001, respectively, plaintiff filed for SSI and DIB. Plaintiff alleges a disability onset date of October 1, 1999. On May 22, 2003, a hearing was held before an administrative law judge (ALJ), and on September 26, 2003, the ALJ issued a decision finding plaintiff not disabled. On April 26, 2004, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 422.210.

## STANDARDS

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). A person can be disabled for these purposes only if his or her impairment is "of such severity that he is not only unable to do his previous work but

cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

The initial burden of proof rests upon the claimant to establish his or her disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner bears the burden of developing the record.  20 C.F.R. §§ 404.1512(d), 416.912(d); *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).  The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for disability benefits.  20 C.F.R. §§ 404.1520, 416.920; *Quang Van Han v. Bowen,* 882 F.2d 1453, 1456 (9th Cir. 1988).  If a determination that the claimant is, or is not, disabled can be made at any step, further review is unnecessary.  20 C.F.R. § 404.1520.

<u>Step One</u>.  The Commissioner determines whether the claimant is engaged in substantial gainful activity.  If so, the claimant is not disabled.  If the claimant is not working in a substantially gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two.  20 C.F.R. § 416.920(a)-(b).

<u>Step Two</u>.  The Commissioner determines whether the claimant has a severe mental or physical impairment.  If not, the claimant is not disabled.  If the claimant has a severe impairment, the Commissioner proceeds to evaluate the claimant's case under Step Three. 20 C.F.R. § 416.920(c).

<u>Step Three</u>.  Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the impairments listed in the Social Security Administration regulations.  20 C.F.R. pt.404, subpt.P, app. 1.  If so, the claimant is disabled.  If the claimant's impairment does not meet

or equal one listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four. 20 C.F.R. § 404.1520(d).

<u>Step Four</u>. The Commissioner determines whether the claimant is able to perform work he or she has done in the past. This requires the ALJ to examine the claimant's residual functional capacity (RFC) and the physical and mental demands of the claimant's past relevant work. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). If the claimant is able to perform the work, the claimant is not disabled. If the claimant demonstrates that he or she cannot do work performed in the past, the Commissioner's evaluation of claimant's case proceeds to Step Five. 20 C.F.R. § 416.920(e).

<u>Step Five</u>. The Commissioner determines whether the claimant is able to do any other work. If not, the claimant is disabled. If the Commissioner finds that the claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that the claimant can do. The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines. 20 C.F.R. pt.404, subpt.P, app.2. If the Commissioner demonstrates that a significant number of jobs exist in the national economy that claimant can do, the claimant is not disabled. If the Commissioner does not meet this burden, the claimant is disabled. 20 C.F.R. § 416.920(f).

The burden of proof is on the claimant as to Steps One through Four. *Tackett*, 180 F.3d at 1098. At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett,* 180 F.3d at 1098, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld if the evidence would support either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). Even if the Commissioner's decision is supported by substantial evidence, however, it must be set aside if the proper legal standards were not applied in weighing the evidence. *Id.*

## THE ALJ'S DECISION

Plaintiff was fifty-two years old at the time of the hearing. She has a high school education and past relevant work experience as a food server, driver, long distance telephone operator, clerk, receptionist, video store manager's assistant, and babysitter.

At Step One, the ALJ found that plaintiff had not engaged in substantial gainful activity since June of 2001. At Step Two, the ALJ found that plaintiff had the severe impairments of fibromyalgia, rheumatoid arthritis, and degenerative disc disease. At Step Three, the ALJ found that plaintiff's impairments did not meet or equal any of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

In determining plaintiff's RFC, the ALJ found that she was able to perform sedentary work, but could not climb ladders, ropes, or scaffolds and could only occasionally stoop, kneel, crawl, or crouch. The ALJ also found that plaintiff was unable to reach above the shoulder. At Step Four, the ALJ found that plaintiff was able to perform her past relevant work as a receptionist and long distance telephone operator and, therefore, was not disabled under the Act.

## DISCUSSION

Plaintiff argues that the ALJ erred by: (1) improperly rejecting plaintiff's subjective testimony; (2) failing to consider plaintiff's obesity; and (3) failing to present a complete hypothetical to the VE.

**1. Plaintiff's subjective testimony**

Plaintiff provided considerable evidence and testimony concerning her level of pain and her functional limitations. The ALJ found that this testimony was "not entirely credible in light of [plaintiff's] own activities of daily living and information from other treating, examining and non-examining medical sources." AR 26.

In her Disability Report, dated July 25, 2001, plaintiff stated that she was unable to sit, stand, or walk for extended periods of time. She also stated that she was losing the use of her hands, which were "becoming very crippled," which made her unable to use a computer. AR 126. In her Pain Questionnaire, dated October 31, 2001, plaintiff stated that she experiences pain every day, "except those rare days when I wake up pain free." AR 147. She stated that her pain is caused by walking, standing, or sitting for too long, and that it increased with any activity. Plaintiff reported that she is able to be up and active for twenty to thirty minutes before she needs to rest and that laying flat on her back and relaxing

6 - OPINION AND ORDER

completely help ease the pain. Plaintiff also reported that she is no longer able to hike, walk, or work on crafts that require intense hand work.

At the hearing, plaintiff testified that when she uses the computer her hands swell up or become numb within about twenty minutes. AR 44. When the ALJ asked how long she is able to use the computer, she stated no longer than five or ten minutes. AR 48.

Plaintiff also testified that she had to leave her previous two employment positions due to her medical condition. Plaintiff worked as a receptionist from February 1, 2000, to April 15, 2000, and then again from February 1, 2001, to March 1, 2001. The first time plaintiff worked in this position, she missed only a few days of work. However, when she returned to the position the second time, the reception desk had been changed such that the counter was higher than her chair. Plaintiff was unable to bend her neck to look up at customers while sitting at the computer. Her employer tried raising the chair, but could not raise it high enough for her to be able to both look customers in the eye and use the computer. Therefore, plaintiff stopped working there.

From approximately March 2001 until June 2001, plaintiff worked for her daughter, who was a manager at a video store. Plaintiff originally worked twenty hours per week, but then reduced her hours to ten per week. One of plaintiff's tasks was to bend down and reach up to put videos away, which she testified was so difficult for her that her daughter had to terminate her employment.

It is the ALJ's responsibility to determine credibility, resolve conflicts in the medical testimony, and resolve ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted); *see also Tackett,* 180 F.3d at 1098 (recognizing that when evidence reasonably supports either confirming or reversing the ALJ's findings, the court

7 - OPINION AND ORDER

must not substitute its judgment for that of the ALJ). Where there is no evidence of malingering, an ALJ may reject a claimant's testimony only by making sufficiently specific findings supported by clear and convincing reasons to allow a reviewing court to conclude that the ALJ did not do so arbitrarily. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004). General credibility findings are not acceptable; the ALJ must state with specificity which symptom testimony is not credible and what facts in the record lead to this conclusion. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

Where a claimant produces objective medical evidence of an underlying impairment, the ALJ may not reject the claimant's subjective complaints based solely on a lack of objective medical evidence. *Moisa,* 367 F.3d at 885; *but see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); 20 C.F.R. §404.1529(c)(2) (noting that medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects).

Plaintiff's medical record from July 10, 2001, shows that she had pain and swelling of the fingers in both hands and that her grip strength was incomplete. Her records from August 15, 2001, indicate that she had pain in her hands, wrists, and knee, although there was no observable swelling. On January 10, 2002, plaintiff was experiencing persistent back and left thigh pain, and an x-ray of her spine revealed mild spurring. On February 27, 2002, an MRI revealed C4-5 disc protrusion, degenerative changes with osteophytic spurring, and disc protrusion at C5-6. On March 13, 2002, a CT scan of plaintiff's lumbar spine revealed degenerative changes and moderate spinal stenosis.

On May 8, 2002, the medical records show that plaintiff was experiencing chronic neck pain with radiation into her left arm, severe headaches after neck activity, left hip pain, reduced range of motion of the cervical spine on rotation, flexion, and extension, tissue

8 - OPINION AND ORDER

tenderness in the hands, and pain in her shoulders. Her doctor diagnosed cervical and lumbar spine pain and fybromyalgia. On August 29, 2002, plaintiff reported that her back and left buttock pain had worsened in the prior six months and that it increased with sitting, bending, and walking. Her medical examination on that day revealed spinal tenderness, and her physician recommended that plaintiff use a cane.

On September 25, 2002, plaintiff's physician reported that her range of neck motion was considerably restricted, that she was very tender in the posterior cervical muscles and the intrascapular area, that she was markedly tender through the lumbrosacral junction, that her lumbar spine showed generalized degenerative changes, and that the cervical MRI showed what appeared to be disk herniation.

It is undisputed that plaintiff produced objective medical evidence of her underlying impairments to support her subjective complaints. Nonetheless, the ALJ discredited plaintiff's testimony because he found that there were "no restrictions documented by information in file from the treating, examining and non-examining medical sources consistent with the claimant's allegations." AR 27. The court finds that this reason is not clear and convincing in light of the considerable medical evidence in the record supporting plaintiff's subjective allegations of her pain and functional limitations. Therefore, the court credits the evidence as true. *Benecke v. Barnhart,* 379 F.3d 587, 594 (9th Cir. 2004) (citations omitted); *see also Varney v. Sec'y of Health & Human Servs.,* 859 F.2d 1396, 1398 (9th Cir. 1988) ("Requiring the ALJs to specify any factors discrediting a claimant at the first opportunity helps to improve the performance of the ALJs by discouraging them from reaching a conclusion first, and then attempting to justify it by ignoring competent evidence in the record that suggests an opposite result.") (internal quotations and citation omitted).

9 - OPINION AND ORDER

## 2. Plaintiff's obesity

Plaintiff argues that her obesity increases her pain, limits her movement, and "interferes with her stamina and her ability to complete tasks in a timely manner." Pl.'s Mem. at 32. Social Security Ruling 02-1p states that an ALJ must consider the effects of obesity at all steps of the sequential evaluation process and "remind[s] adjudicators that the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." SSR 02-1p. Furthermore, an ALJ must "do an individualized assessment of the impact of obesity on an individual's functioning" when deciding whether a claimant's obesity is a severe impairment. *Id.*

Here, undisputed evidence in the record establishes plaintiff's obesity. While the ALJ mentioned plaintiff's obesity, he did not do an individual assessment of its impact on plaintiff's functioning. However, this court does not assign error to the ALJ, because plaintiff fails to point to any evidence in the record supporting her claims that her obesity was a severe impairment or that it caused, or exacerbated, any of her functional limitations.

## 3. The ALJ's hypothetical to the VE

In his opinion, the ALJ found plaintiff not disabled based, in part, on the VE's testimony. Plaintiff argues that the ALJ erred by failing to include all of her limitations in the hypothetical questions to the VE. Hypothetical questions posed to a VE must set out all of the claimant's limitations and restrictions. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989) (quotations and citation omitted). "The testimony of a vocational expert is valuable only to the extent that it is supported by medical evidence." *Id.* (quotations and citation omitted). If the assumptions in the ALJ's hypothetical are not supported by the

record, the VE's opinion about a claimant's RFC has no evidentiary value. *Id.* (citing *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir. 1988)).

As stated above, the ALJ improperly discredited plaintiff's subjective testimony about her pain and functional limitations. Because of this, he failed to include all of her limitations in his hypothetical questions to the VE. In particular, the court finds that plaintiff's limited ability to use her hands was not accurately presented to the VE. Therefore, the VE's opinion about plaintiff's ability to sustain competitive employment has no evidentiary value.

In light of the ALJ's errors, plaintiff argues that this court should remand for an award of benefits. Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000); *see also Smolen,* 80 F.3d at 1292. The court should remand for further proceedings if the record is not fully developed and it is not clear whether the ALJ would be required to award benefits. *Ghokassian v. Shalala*, 41 F.3d 1300, 1303 (9th Cir. 1994). In *Harman*, the Ninth Circuit remanded for further proceedings, rather than for the immediate payment of benefits, because there was no testimony from a VE that the limitations found by the physician would render the plaintiff unable to engage in any work. *Harman*, 211 F.3d at 1180.

Here, even crediting plaintiff's testimony as true and recognizing that the ALJ's hypothetical to the VE improperly excluded some of her limitations, the court finds that the record is not fully developed and that it is not clear whether the ALJ would be required to award benefits. The ALJ posed several hypothetical questions to the VE, each cumulative of the previous one. When the ALJ included the limitation that the hypothetical person

11 - OPINION AND ORDER

would need to recline every two hours for a one-half hour period, the VE stated that such a person would be unable to sustain competitive employment. However, it is not clear from the record that plaintiff has met her burden to show that she must recline every two hours for a one-half hour period. Therefore, this testimony by the VE is not sufficient to find that plaintiff is unable to engage in any work.

Nor is a finding of disability compelled by the VE's testimony in response to questions put forth by plaintiff's counsel. Plaintiff's counsel asked the VE to consider a person who was limited to occasional lifting and carrying up to ten pounds, who could rarely bend or stoop, could occasionally reach at or above shoulder-level, could occasionally use her hands and arms, and who must be allowed to sit, stand, or walk at will. The VE testified that such a person could not sustain any kind of competitive employment. However, when plaintiff's counsel asked the VE to consider the same person but without the walk at will limitation, the VE testified that such a person could work as an information clerk or as an appointment clerk.

Plaintiff's counsel next asked the VE to factor in the limitation that the person would not be able to concentrate or sustain her focus for more than six hours per eight-hour work day. The VE testified that such a person would not be able to sustain full-time employment. However, the court finds that it is not clear from the record that plaintiff must be able to walk at will or that she is unable to concentrate for more than six hours per day. Therefore, a finding of disability is not compelled by this testimony.

For the reasons stated above, further proceedings are necessary for the ALJ to fully develop the record and present a complete hypothetical to the VE. On remand, the ALJ

should present plaintiff's complete RFC, having been revised based on the above assessment, to a VE.

**CONCLUSION**

Pursuant to 42 U.S.C. § 405(g), the decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this __25___ day of April, 2005.

                __/s/Ancer L.Haggerty_____
                        Ancer L. Haggerty
                     United States District Judge